UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BADER FARMS, INC. and BILL BADER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:16-CV-299 SNLJ ) |
| MONSANTO CO., | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This case comes before the Court on defendant's motion to dismiss that was converted by this Court into defendant's motion for summary judgment (#6, #50), and plaintiffs' motions for leave to file amended complaint (#51) and to vacate order treating defendant's motion to dismiss as a motion for summary judgment and motion for discovery (#52). The motions are briefed and ripe for disposition. Because the Court grants plaintiffs' motion for leave to file an amended complaint, the plaintiffs' motion to vacate this Court's previous order is necessarily granted. Defendant's converted motion for summary judgment is therefore denied as moot.

**I.     Factual Background**

As more fully discussed in this Court's previous memorandum and order (#50), plaintiffs allege that their peach orchard was damaged when defendant commercially released its genetically-engineered and dicamba-resistant cotton and soybean seeds without a corresponding herbicide. Plaintiffs contend that defendant violated standard

industry practice and committed a number of tortious acts by essentially releasing only half of the complete crop system. Because defendant only released half of the complete crop system, plaintiffs allege, it was reasonably foreseeable that third-party farmers who purchased defendant's seeds would illegally spray dicamba – a generic herbicide not developed, manufactured, distributed, or sold by the defendant – onto those seeds to prevent weed growth. Dicamba is a highly volatile herbicide that is prone to drift, a term used to denote the airborne movement of herbicide spray particles to non-target or neighboring sites, sometimes miles away. Dicamba is toxic to all broadleaf plants such as fruits, nuts, vegetables, and notably, cotton and soybeans that are not genetically engineered to withstand it. In this case, plaintiffs allege that unidentified farmers who purchased defendant's seeds illegally sprayed dicamba onto their own crops and that dicamba drifted onto plaintiffs' crops, causing millions of dollars in damage.

## II.    Procedural Background

On December 30, 2016, defendant moved to dismiss plaintiffs' complaint (#6) for, *inter alia*, lack of proximate causation. This Court, upon consideration of the product use labels attached to defendant's seed packaging, converted defendant's motion to dismiss to a motion for summary judgment (#50). Within the same memorandum and order, this Court granted the parties an additional twenty-one days to present other materials and additional briefing. In response, plaintiffs filed their motions for leave to file an amended complaint (#51) and to vacate this Court's order treating defendant's motion to dismiss as a motion for summary judgment (#52). Within their motion for leave to file an amended complaint, plaintiffs seek leave to amend their original complaint to assert a new claim of

2

civil conspiracy, incorporate relevant facts and allegations previously unavailable to plaintiffs prior to filing, and add additional allegations obtained in the ordinary course of this litigation. One such additional allegation, the basis of plaintiffs' proposed civil conspiracy claim, is that defendant's "representatives made a practice of directing farmers who purchased the Xtend seeds to illegally spray dicamba to their Xtend crops to protect their crops." Pl. Am. Comp. ¶ 124.

Specifically, plaintiffs submit the testimony of one such farmer who purchased defendant's dicamba-resistant cotton seeds and admitted to illegally spraying dicamba over the top of his crops. The farmer testified before the Arkansas State Plant Board on the allegation that his illegal action of spraying dicamba on his property damaged his neighbor's non-dicamba-resistant crops. The farmer's cotton farm is located in the same county as plaintiffs' orchards. Further, the farmer testified that a representative of defendant instructed him that he could spray dicamba over the top of the cotton that emerged from defendant's dicamba-resistant cotton seeds.

### III. Legal Standard

Under the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course under specified conditions that are not applicable here. For all other amendments, Rule 15(a)(2) provides "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." However, parties do not have an absolute right to amend their pleadings, even under this liberal standard. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Whether to grant a motion for leave to amend is within the

3

discretion of the court. *Popoalii v. Correctional Med. Servs.,* 512 F.3d 488, 497 (8th Cir. 2008).

A district court appropriately denies a movant for leave to amend if there are compelling reasons such as "undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmoving party, or futility of the amendment." *Id*. "[A] party is not entitled to amend a complaint without making a showing that such an amendment would be able to save an otherwise meritless claim." *Jackson v. Riebold*, 815 F.3d 1114, 1122 (8th Cir. 2016) (*quoting Plymouth Cnty., Iowa v. Merscorp, Inc.*, 774 F.3d 1155, 1160 (8th Cir. 2014). In regards to the futility of a proposed amendment, "[d]uplicative and frivolous claims are futile." *Reuter v. Jax Ltd.*, 711 F.3d 918, 922 (8th Cir. 2013).

## IV. Discussion

Plaintiffs contend that the Court should grant their motion for leave to amend because the amendment will not cause undue delay, it is not filed in bad faith, it will not prejudice defendant, and it is not futile. Plaintiffs assert that because no scheduling order or trial date has been set in this action, amendment will not disturb any guidelines set by this court. Additionally, as oftentimes occurs through the course of litigation, plaintiffs obtained new evidence they contend support their claims and are relevant to this Court's proximate causation analysis. Further, plaintiffs claim that because this matter has not reached an advanced stage of litigation, plaintiffs have not conducted meaningful discovery, and no trial date has been set, defendant will not be prejudiced via

4

amendment. Finally, plaintiffs maintain that amendment will not be futile because it complies with the requirements of Rule 12 of the Federal Rules of Civil Procedure.

Defendant, nearly exclusively, focuses on the futility of plaintiffs' proposed amendment, asserting that plaintiffs, even with amendment, still cannot establish requisite elements to hold defendant liable for plaintiffs' harm. In support, defendant states that it cannot be held liable for the damage caused by a product it did not manufacture, distribute, sell, or apply. Also, defendant claims that the presence of defendant's warnings on all seed packages sold preclude any finding that it was foreseeable that the seed purchasers would use dicamba illegally. Finally, defendant contends that it owed no duty to plaintiffs to prevent the harm caused by the third-party farmers' use of dicamba, which as noted, was not manufactured or sold by defendant.

Although the Court maintains reservation about whether defendant's action or inaction proximately caused plaintiffs' injuries, the allegation that defendant's representatives instructed seed-purchasing farmers to illegally spray dicamba on the defendant's seeds, if true, would seemingly negate the effectiveness of the product use labels attached to defendant's seeds in addition to altering the proximate causation analysis of this case. Rule 15(a)(2) explicitly states that a court should freely give leave when justice so requires. Here, the Court holds that plaintiffs' motion for leave to amend its complaint should be granted because it was not made in bad faith or with undue delay, amendment is not prejudicial to defendant, and the proposed amendment is not futile.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motions for leave to file an amended complaint (#51) and to vacate order treating defendant's motion to dismiss as a motion for summary judgment and motion for discovery (#52) are **GRANTED.**

**IT IS FURTHER ORDERED** that defendant's converted motion for summary judgment (#6) is **DENIED** as moot.

The Court will order a Rule 16 Conference forthwith.

So ordered this 29th day of June, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE