UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BADER FARMS, INC. and<br>BILL BADER | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | Case No. 1:16-CV-299-SNLJ |
| MONSANTO CO., | )<br>) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs Bader Farms, Inc. and Bill Bader's (collectively "Bader") motion for leave to file a second amended complaint and to add a party defendant (#68). The motion is briefed and ripe. For the reasons explained below, the Court grants Bader's motion.

**I.  Factual Background**

The facts are fully discussed in this Court's previous memorandum and order (#50). In short, Bader alleges that Monsanto violated standard industry practice and committed a number of tortious acts by releasing dicamba-resistant seeds without a corresponding herbicide. Dicamba herbicide is highly volatile and prone to drifting, which means spray particles move by air to non-target or neighboring sites, sometimes miles away. Dicamba is toxic to all broadleaf plants that are not genetically engineered to withstand it. Here, Bader alleges that farmers who purchased Monsanto's seeds

1

illegally sprayed "old" dicamba; then, dicamba spray particles drifted onto Bader's crops, causing millions of dollars in damage.

## II.     Procedural Background and Second Amended Complaint

Bader filed its initial petition (#4) in state court. After removal to this Court, and while Monsanto's motion to dismiss was pending, Bader filed a motion for leave to file an amended complaint (#51). This Court granted the motion (#61). In its amended complaint, Bader asserted a new claim of civil conspiracy. Specifically, Bader alleged that Monsanto's representatives directed farmers who purchased Monsanto's dicamba-resistant seeds to illegally spray old dicamba herbicide. The old dicamba would kill unwanted weeds, the theory goes, and the seeds were resistant.

Bader now asks to amend its complaint a second time. It seeks leave

> to (1) add a party [BASF Corp.]. . .; (2) add allegations that [it has] suffered ongoing damage in 2017 . . . from dicamba . . .; (3) add a claim for trespass and remove [its] claims for breach of implied warranty of merchantability and unjust enrichment; and (4) add additional allegations obtained in the ordinary course of this litigation.

(#68 at 1).

Bader wants to add BASF so it can amend its civil conspiracy claim. The conspiracy is no longer between Monsanto and the farmers who bought dicamba-resistant seeds, according to Bader—it's much bigger. Instead, Bader claims that Monsanto and BASF conspired to create an "ecological disaster" where farmers would be forced to buy dicamba-based products. In 2015 and 2016, Monsanto and BASF "colluded" so that Monsanto's dicamba-resistant seeds would be released before either company released its "new" dicamba-based herbicide; the new dicamba would not drift like the old dicamba.

2

Then, the companies' agents allegedly encouraged farmers to spray the old dicamba on their dicamba-resistant seeds. Neighboring farmers would then be forced to buy dicamba-resistant seeds so that old dicamba would not kill their non-resistant plants. With all these farmers buying dicamba-resistant seeds, the market for both companies' new dicamba would grow.

Bader then claims that Monsanto and BASF conspired to withhold data and mislead federal and state regulatory agencies so their new herbicides would be approved. The new herbicides were used in the 2017 growing season. According to Bader, the new dicamba still caused damage, and it seeks to add this 2017 damage in its second amended complaint. Bader also added allegations—relating to the new herbicides—to the following counts: strict liability—design defect, strict liability—failure to warn, negligent design and marketing, negligent failure to warn, negligent training, and fraudulent concealment.

Monsanto challenges the request to add claims for the new conspiracy, trespass, and additional damage in 2017.

### III. Legal Standard

Because Monsanto has filed an answer (#64), Bader "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998). But parties do not have an absolute right to amend their pleadings, even under this liberal standard. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Whether to grant a motion for leave to amend is

within the discretion of the court. *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

A district court may deny a motion to amend if (1) it was filed with undue delay, (2) the moving party filed the motion with bad faith or dilatory motive, (3) the opposing party would be unfairly prejudiced by the amendment, or (4) the amendment would be futile. *Bell*, 160 F.3d at 454. "In most cases, '[d]elay alone is insufficient justification; prejudice to the nonmovant must also be shown.'" *Moses.com Secs., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (alteration in original) (*quoting Bell*, 160 F.3d at 454).

Parties may be added as a defendant if (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

## IV. Discussion

The Court must analyze the motion under both Rule 15 and Rule 20. Because Monsanto attacks only the new conspiracy, trespass, and ongoing 2017 crop damage claims, the Court will discuss only those proposed claims.

### A. Rule 15 Amended Pleadings

#### 1. New Conspiracy

First, Monsanto suggests that Bader filed this motion in bad faith or with dilatory motive in an effort to evade summary judgment. While Monsanto claims that it engaged in targeted discovery to move for summary judgment on the amended complaint,

4

Monsanto has not yet filed a motion for summary judgment. Here, its reliance on authority where courts denied motions to amend *after* motions for summary judgment were filed and discovery was complete is misplaced. Nothing in the record suggests that Bader filed this motion in bad faith or with dilatory motive.

Second, Monsanto argues that a motion to amend should be denied when a plaintiff has already been given a chance to cure defects in the complaint and failed. But here, Bader did not amend its original petition to cure any defect; it amended to add a civil conspiracy claim. This argument fails, too.

Third, Monsanto claims that Bader's facts in support of the alleged conspiracy between Monsanto and BASF were alleged in the original petition. Because Bader could have added this claim from the outset, the claim is now unduly delayed. But typically, delay alone is insufficient, and the non-moving party must also show prejudice. *Moses.com Secs.*, 406 F.3d at 1065. Monsanto does not claim it will be prejudiced if the Court allows this amendment. It does argue that it should not have to begin the discovery process over again, though. In its second amended complaint, Bader claims that Monsanto and BASF conspired to encourage illegal spraying of old dicamba herbicides (#68-1 at 110, ¶631). So Monsanto's targeted discovery is still relevant. Moreover, the discovery deadline is still eleven months away. Monsanto will not be unfairly prejudiced by these amendments.

Fourth, Monsanto argues that the new conspiracy claim would be futile. Specifically, it claims that Bader fails to allege any facts showing a meeting of the minds to pursue an unlawful objective. But Bader alleges that Monsanto and BASF conspired

5

to create this "ecological disaster." Together, the companies pushed for the release of Monsanto's dicamba-resistant seeds. This allowed BASF to sell its old dicamba herbicide to farmers who sprayed it illegally. The companies then agreed to conceal information from regulating agencies so their new dicamba herbicides would be approved. They even coordinated public responses to the alleged damage caused by dicamba. On its face, this claim is not futile. Furthermore, Bader alleges more than parallel conduct and an existing, legal business agreement between the companies, as Monsanto argues.

### 2. Trespass and Ongoing 2017 Damage

Monsanto argues that it would be unfairly prejudicial if the Court allowed the trespass claim and the claim for ongoing damage in 2017 because Bader destroyed evidence relevant to those claims. Monsanto points out two instances in August 2017 where Bader removed peach trees from its farm. It is not clear how this is relevant to the trespass claim—Bader's land that was allegedly invaded is still there. And Monsanto does not claim that Bader destroyed *all* of the evidence related to the ongoing 2017 damage. It points to two isolated instances, while Bader claims that "every acre" of its crops suffered dicamba damage (#68-1 at 99, ¶ 545). Monsanto also inspected Bader's farm for two days after it knew that Bader planned to add a claim for ongoing 2017 damage. Allowing Bader to allege these claims will not unfairly prejudice Monsanto.

### B. Rule 20 Permissive Joinder of Parties

6

Monsanto does not challenge Bader's request to add BASF under Rule 20 standards. The requirements are easily met. Bader alleges nine claims jointly and severally against Monsanto and BASF. The claims arise out of the same transaction, occurrence, or series of transactions or occurrences. And there are several questions of law and fact common to the claims against Monsanto and BASF.

Accordingly,

**IT IS HEREBY ORDERED** that Bader's motion for leave to file an amended complaint and to add a party defendant (#68) is **GRANTED**.

So ordered this   20th   day of October, 2017.

                                              STEPHEN N. LIMBAUGH, JR.
                                              UNITED STATES DISTRICT JUDGE