UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BADER FARMS, INC. and | ) | |
| BILL BADER | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-CV-299-SNLJ |
| | ) | |
| MONSANTO CO., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs Bader Farms, Inc. and Bill Bader's (collectively "Bader") motion to quash the deposition notice and subpoena of Dr. Ford Baldwin and motion for a protective order (#71). The motion is briefed and ripe. For the reasons explained below, the Court denies Bader's motion.

I. **Factual Background**

In its Amended Complaint, Bader alleged that Monsanto representatives conspired with farmers who purchased Monsanto's dicamba-resistant seeds (#62 at 59). Bader relied on information from an expert it retained, Dr. Ford Baldwin, to support the allegation (#51-2 at 1, ¶ 4). Baldwin told Bader that, at an Arkansas State Plant Board hearing, a farmer testified that a Monsanto representative told him to spray old dicamba on his dicamba-resistant seeds. Then, Monsanto served Baldwin with a deposition notice and subpoena. Bader objects.

1

Bader claims that it would be inappropriate to depose Baldwin—an expert—outside the Case Management Order's expert discovery schedule (#67). As part of its briefing on this motion, Bader submitted an affidavit signed by Baldwin (#71-5). In his affidavit, Baldwin explains why he believes that Monsanto representatives told farmers to illegally spray old dicamba. Baldwin's belief is based on testimony that Mr. Donald Masters (a Missouri farmer) gave to the Arkansas State Plant Board "and other statements that [Baldwin has] heard in the agricultural community . . . ." (#71-5 at 15, ¶ 70). Baldwin even called Monsanto's practice "common knowledge." (#71-5 at 16, ¶ 72).

Monsanto seeks to depose Baldwin to determine the factual basis for Baldwin's assertion that Monsanto representatives told farmers to illegally spray old dicamba. Monsanto concedes that it would not need to depose Baldwin if Masters's testimony were Baldwin's only basis for claiming that Monsanto representatives told this to farmers. But Monsanto claims that Baldwin is deposable—like any other fact witness—if he acquired facts and information (from others in the agricultural community) about what Monsanto representatives allegedly told farmers *before* he was retained as an expert.

**II.     Legal Standard**

This Court has wide discretion in dealing with discovery matters. *Cook v. Kartridg Pak Co.*, 840 F.2d 602, 604 (8th Cir. 1988). Discovery rules should be construed broadly and liberally to serve the purpose of discovery—that is, "to provide the parties with information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement." *Centrix Fin. Liquidating Tr. v. Nat'l Union Fire*

*Ins. Co. of Pittsburgh*, No. 4:12-MC-624-JAR, 2013 WL 3225802, at *2 (E.D. Mo. June 25, 2013) (*quoting Gladfelter v. Wal-Mart Stores, Inc.*, 162 F.R.D. 589, 590 (D. Neb. 1995)).

Discovery sought with a subpoena under Rule 45 of the Federal Rules of Civil Procedure must fall within the scope of discovery permissible under Rule 26. *Id.* "Under Rule 26, parties are entitled to discovery of any information that appears 'reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (*quoting* Fed. R. Civ. P. 26(b)(1)). Rule 26(b)(4) governs the scope and limits of expert discovery. But as the Advisory Committee Notes to the 1970 Amendments explain, Rule 26(b)(4)

> does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness.

Fed. R. Civ. P. 26(b)(4) (Advisory Committee Notes to the 1970 Amendments); *see also* 8A Charles Alan Wright et al., *Federal Practice & Procedure* § 2033 (3d ed. 2017) (noting that, despite the rewording of Rule 26 in 1993, the Advisory Committee gave no indication that its 1970 comment was no longer valid).

If a Rule 45 subpoena meets the Rule 26 requirements, the subpoena may still be quashed or modified if it (1) "fails to allow a reasonable time to comply," (2) "requires a person to comply beyond the geographical limits specified in Rule 45(c)," (3) "requires disclosure of privileged or other protected matter, if no exception or waiver applies[,] or" (4) "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3).

3

Bader claims that it would be inappropriate to depose Baldwin outside the expert discovery schedule—a Rule 26(b)(4) violation. Yet on the merits, Bader frames its argument under Rule 45(d)(3).

## III. Discussion

Initially, this Court must determine whether Rule 26(b)(4) prohibits Monsanto from deposing Baldwin outside the expert discovery schedule. Bader cites no legal authority to support its argument that Rule 26(b)(4) prohibits deposing Baldwin simply because he is an expert. Bader also fails to refute the authority Monsanto cites to supports its argument that a retained expert may be deposed as a fact witness, if the expert acquired facts or information about the case before being retained as a witness. *See, e.g.*, *United States v. $122,640.00 in U.S. Currency*, No. JKB-13-3778, 2014 WL 5088261, at *1 (D. Md. Oct. 8, 2014); *Metris U.S.A., Inc. v. Faro Techs., Inc.*, No. 09-CV-01718-JLK-MEH, 2009 WL 2916811, at *3 (D. Colo. Sept. 8, 2009); *Nelco Corp. v. Slater Elec. Inc.*, 80 F.R.D. 411, 414–15 (E.D.N.Y. 1978).

This Court finds that Rule 26(b)(4) does not prohibit deposing an expert about facts or information the expert acquired before being retained as a witness—information *not* acquired in preparation for trial. *See* Fed. R. Civ. P. 26(b)(4) (Advisory Committee Notes to the 1970 Amendments); 8AWright et al., *supra*, § 2033. Thus, Rule 26(b)(4) allows Monsanto to depose Baldwin about any facts and information—that he acquired before being retained as an expert—relating to Monsanto representatives telling farmers to illegally spray dicamba.

Next, this Court must decide whether the subpoena should still be quashed under Rule 45. First, Bader claims that the subpoena should be quashed because it fails to allow a reasonable time to comply. Bader argues that the time to reasonably comply with expert discovery is set forth in the Case Management Order. As explained above, there are circumstances when an expert witness may be deposed as a fact witness. Thus, this argument fails.

Second, Bader claims that the subpoena should be quashed because the deposition requires disclosure of privileged or other protected matter. Bader argues that Baldwin's knowledge and opinions should be protected from discovery until Bader has sufficient time to determine Baldwin's opinions and to prepare for his testimony. But Monsanto is not seeking any of Baldwin's expert opinions. It's not even seeking information Baldwin acquired after Bader hired Baldwin as an expert. Instead, Monsanto seeks information on the narrow issue of Baldwin's basis for claiming that Monsanto representatives told farmers to illegally spray dicamba. This is not privileged or protected matter, and this argument fails.

Third, Bader claims the subpoena should be quashed because it subjects Baldwin and Bader to an undue burden. Bader argues that Baldwin will be subjected to multiple depositions on the same subject. Here, Baldwin will be deposed on the narrow issue explained above. Later, he will presumably be deposed on his expert opinions. Thus, Baldwin will not be subjected to multiple depositions on the same subject. Bader also argues that Monsanto is trying to place the burden of being an expert on Baldwin by calling him a fact witness, as experts are entitled to fees for preparing for and giving

deposition testimony.  But Baldwin will not be giving expert testimony in this deposition, so this argument is misplaced.  Bader then claims Monsanto's request is too broad.  Monsanto seeks only the basis for Baldwin's claiming that Monsanto representatives told farmers to illegally spray dicamba.  That is not too broad.  Lastly, Bader claims the deposition will place an undue burden on it because Bader has not received any discovery from Monsanto.  It is not clear how this fact is related to Monsanto's request, and this argument fails.

No Rule 45 factor favors quashing the subpoena.  Thus, Baldwin is deposable on the narrow issue of his basis—acquired before he was retained as an expert—for claiming that Monsanto representatives told farmers to illegally spray dicamba.

Accordingly,

**IT IS HEREBY ORDERED** that Bader's motion to quash the deposition notice and subpoena of Dr. Ford Baldwin and motion for a protective order (#71) is **DENIED**.

So ordered this __24th__ day of October, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE