UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BADER FARMS, INC. and <br> BILL BADER <br><br> Plaintiffs, <br><br> v. <br><br> MONSANTO CO. and <br> BASF CORP., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:16-CV-299-SNLJ <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs Bader Farms, Inc., and Bill Bader's motion to compel (#94). The motion is denied without prejudice.

Back in August, plaintiffs served their first requests for production on defendant Monsanto. There were ninety requests in all. About a month later, Monsanto served its responses. Plaintiffs claim that "Monsanto objected to and failed to provide substantive responses" to eighty-eight of the ninety requests. Monsanto produced twenty-eight pages and five submissions it had given to the U.S. Department of Agriculture.

Then, the parties began the meet-and-confer process. They spoke twice by phone and exchanged written correspondence. After the second call, Monsanto sent a twenty-point proposal that included various types of documents Monsanto agreed to produce. Plaintiffs did not respond to the proposal and filed this motion to compel two days later.

Plaintiffs' motion is not a typical motion to compel. Plaintiffs argue that their requests (all of them, apparently) are proportional to the claims involved because (1)

1

plaintiffs allegedly have millions of dollars in damages, (2) Monsanto's investment in and profits from the product at issue stretch into the billions of dollars, and (3) Monsanto will not have to produce these documents again in a related, pending class action lawsuit. Next, plaintiffs group their ninety requests into fourteen categories. Then, plaintiffs devote just nine lines to Monsanto's objections. Plaintiffs do not mention any specific objections to a particular request and simply claim the objections are "frivolous." In sum, plaintiffs do not (1) explain any of Monsanto's objections to specific requests, (2) describe why those objections should be overruled, or (3) apply the law as laid out in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Monsanto is quick to point out these deficiencies. It asks the Court to deny the motion because plaintiffs "failed to comply with the most basic requirements for such a motion." Specifically, "Any . . . motions to compel . . . must be particularly stated. That is, *for each request plaintiff wants compelled*, he must specifically indicate the request, provide defendants' response, and precisely demonstrate why defendants' response is deficient." *Forest v. Barnes Jewish Hosp.*, No. 4:07-CV-258-DJS, 2008 WL 957681, at *2 (E.D. Mo. Apr. 7, 2008) (alterations in original) (*quoting* document in the record).

Given their many requests, plaintiffs understandably grouped the requests into categories. But Monsanto also highlights problems with plaintiffs' categories. For example, some requests appear in as many as ten categories. One category has forty-eight requests; another has forty-six. The fourteen categories list the ninety requests more than three hundred times. This defeats the purpose of categorizing the requests.

To be sure, this is a complicated case in which discovery may be voluminous. But some of plaintiffs' requests clearly are overbroad and disproportionate. And Monsanto's criticisms of plaintiffs' categories are well taken. It seems that the only way to address the problem is through a conventional motion to compel. That is, plaintiffs may file a motion to compel, delineating each of Monsanto's objections and explaining why the objections are not well taken. And of course, Monsanto may then respond in opposition, and plaintiff may file a reply, as is the usual course.

Although the parties do argue some specific objections, they do so generally and largely without applying the objections to specific requests. And many of the requests differ in scope and context. As a result, the Court cannot properly analyze these layers of objections when the parties do not apply them to specific requests and explain how the different objections interact in the context of specific requests.

In sum, plaintiffs, as the movants, have failed to meet their burden. The motion is denied without prejudice, and the Court will entertain another motion that allows it to reach the merits without speculating what the parties' arguments will be for each request.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs Bader Farms, Inc., and Bill Bader's motion to compel (#94) is **DENIED**.

So ordered this __20th__ day of December 2017.

*[signature]*

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE