UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

IN RE: DICAMBA HERBICIDES ) Master Case No. 1:18md2820
LITIGATION ) Indiv. Case No. 1:16cv299

## MEMORANDUM & ORDER

On June 29, 2018, this Court entered a Case Management Order (#104) in this Multidistrict Litigation ("MDL") that noted that the CMO did not apply to the individual action titled *Bader Farms, Inc. v. Monsanto*, No. 1:16-cv-299. The CMO stated that case "will be governed by a separate case management order[.]" (#104 at 1.) *Bader* was the first lawsuit filed regarding crop damage allegedly caused by the use of the herbicide dicamba. It is also the only case alleging damage to peach tree crops, and it had been pending more than a year when this MDL was created. Moreover, much of the *Bader* case-specific discovery had been completed, especially as to damages incurred in 2016.

The *Bader* plaintiffs objected to their inclusion in the MDL in a motion before the Judicial Panel on Multidistrict Litigation, but the Panel held, in forming the MDL, that

> Our decision to centralize this litigation in the Eastern District of Missouri moots the request by certain plaintiffs to exclude Bader Farms from the MDL, as that action already is assigned to Judge Limbaugh.

*In re Dicamba Herbicides Litig.*, 289 F. Supp. 3d 1345, 1347 n.3 (U.S. Jud. Pan. Mult. Lit. 2018). The *Bader* plaintiffs now move to "Amend the Case Management Order and Except Case from MDL." (#142.)

Defendants characterize Bader's motion as an attempt to "cut in line" in front of the other MDL cases with regard to expert motions, summary judgment, and trial. Defendants further contend that this Court declined to except *Bader* from the MDL CMO

in the first place and that the Court should not now change its mind. But the Court explicitly did except *Bader* from the MDL CMO. The Court has recognized from the first in-person conference that *Bader* would likely be subject to terms different from those applied to other MDL member cases. The *Bader* plaintiffs have consistently advocated for their position on this matter. *See In re Dicamba Herbicides Litig.*, 289 F. Supp. 3d at1347 n.3. In fact, Bader filed a motion to amend its individual case's CMO in May 2018. (Case No. 1:16cv299, # 136.)

Defendants protest that it is inappropriate to allow *Bader* to be a bellwether case under the circumstances. The Court disagrees that *Bader* is a "bellwether" in that *Bader* seeks damages for a different crop --- peaches --- than the soybeans in the Master Crop Damage Complaint (#137). Further, most of the peach orchard damages were sustained in 2016, whereas most of the soybean damages from the Master Complaint were sustained in 2017.

Under the circumstances, justice requires that the Court permit Bader to proceed more quickly to trial. There is no need for *Bader* to be delayed, for example, by class action discovery or the added hurdle of class certification. It bears mention as well that the parties will still gain some benefit from coordinated discovery, which was the reason *Bader* was included in the MDL despite its objections. Therefore, the Court will allow *Bader* to proceed according to a separate CMO.

Defendants request that, should *Bader* be allowed its own CMO, Bader be held to the discovery, *Daubert,* and summary judgment deadlines in the MDL's CMO. However, doing so would undo the expediency that Bader seeks. Although Bader initially requested a February 2020 trial date, Bader states in its reply that it would prefer

a late 2019 trial date so long as the Court has time to rule on *Daubert* and summary judgment motions. To accommodate Bader's proposed trial date, however, this Court must set new *Bader*-specific deadlines for expert disclosures, the close of discovery, and for the filing of dispositive and *Daubert* motions. As a result, and as repeatedly noted by this Court, *Bader* will necessarily forego any MDL discovery after those deadlines. Joint discovery may proceed according to the *Bader* and Master Crop Damage Complaint until *Bader*'s discovery deadline closes.

Finally, it is unnecessary to formally exclude *Bader* from the MDL at this point. Notwithstanding defendants' protests, this Court was the Court in which *Bader* was originally filed, and it thus has always retained jurisdiction over the matter. *See In re Dicamba Herbicides Litig.*, 289 F. Supp. 3d at 1347 n.3.

Accordingly,

IT IS HEREBY ORDERED that plaintiffs' motion to amend case management order and except case from MDL (#142) is GRANTED in part and DENIED in part, as reflected in the *Bader* Amended Case Management Order filed today.

IT IS FURTHER ORDERED that plaintiffs' motion to amend case management order filed May 30, 2018 in the individual *Bader* case, 1:16cv299, (#136) is GRANTED in part and DENIED in part.

IT IS FINALLY ORDERED that, although *Bader* will remain as part of the MDL, it will be subject to the *Bader* Amended Case Management Order filed today, and it is excluded from the procedures outlined in this Court's Order Allowing Master Complaints (#46) to the extent inconsistent with the *Bader* Amended CMO.

So ordered this 5th day of October, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE