UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BADER FARMS, INC. and<br>BILL BADER | )<br>)<br>) | |
| Plaintiffs, | )<br>) | MDL No. 1:18md2820-SNLJ |
| v. | )<br>) | Case No. 1:16cv299-SNLJ |
| MONSANTO CO. and<br>BASF CORP., | )<br>)<br>)<br>) | |
| Defendants. | ) | |

**MEMORANDUM and ORDER**

Plaintiffs Bader Farms, Inc. and Bill Bader have moved for leave to file a Third Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a) (#162). Plaintiffs seek to (1) add allegations that their peach orchard suffered further dicamba damage in 2018, rendering their peach operation no longer biologically or financially sustainable; (2) remove the claims for trespass and fraudulent concealment and add claims under Missouri Crop Protection Statutes; (3) add allegations pertaining to defendants' joint venture and plead joint venture liability as to each claim; (4) add allegations to clarify that plaintiffs pursue their conspiracy claims under both Restatement (Second) of Torts § 876(a) and (b); and (5) add additional allegations to conform with evidence obtained in the ordinary course of this litigation.

Notably, although the Bader plaintiffs are part of this Multi-District Litigation regarding Dicamba Herbicide, this Court entered a separate Case Management Order for *Bader*. The *Bader* plaintiffs were not parties to the Master Crop Damage Complaint ("MCDC") filed by the other MDL plaintiffs on August 1, 2018. On February 6, 2019, this Court granted in part and denied in part the defendants' motions to dismiss the MCDC, dismissing the MCDC's trespass claims and

1

noting that the conspiracy claims arising under the Restatement (Second) of Torts § 876(a) may not require an underlying intentional tort. Accordingly, the Court invited the *Bader* parties to re-address whether negligence can constitute the underlying tort in a conspiracy claim.

The *Bader* plaintiffs explain that the parties have engaged in discovery coordinated with the MDL, but none of defendants' employees have been deposed (aside from corporate representatives testifying on topics intended to identify individuals with further relevant information). Defendants refused to produce evidence pertaining to 2018 conduct and claims, and the Special Master determined such discovery cannot occur until plaintiffs amend their complaint to allege 2018 damage. Such damage was not ascertainable at the time plaintiffs filed their Second Amended Complaint in 2017.

Rule 15(a)(2) provides, under the circumstances present here, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend pleadings should be liberally under Rule 15(a)(2). *See Buder v. Merrill Lynch, Pierce, Finner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981). Factors to consider in determining whether leave to amend should be granted include (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A motion to amend should be denied "only if it asserts clearly frivolous claims or defenses." *Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd.*, 32 F.3d 1244, 1255-56 (8th Cir. 1994) (internal quotation omitted). "Likelihood of success on the new claims or defenses is not a consideration for denying leave to amend unless the claim is clearly

frivolous. Whether to grant a motion for leave to amend is within the sound discretion of the court." *Id.*

Defendants object to the motion because they believe they would be unfairly prejudiced and that continuation of the trial date will be required. They contend that plaintiffs have unreasonably delayed asserting their claims because the bases therefor have been known and available to plaintiffs for at least eight months.

Plaintiffs respond that their "new" counts are not actually new at all. Instead, they are premised on the same core theory that gives rise to plaintiffs' case: that defendants joined together to launch "defective" products to market that thus destroyed plaintiffs' peach crops. Plaintiffs insist that the revised counts merely bring plaintiffs' complaint into compliance with the Court's recent MDL rulings. Further, the new counts are based on virtually identical allegations pleaded in the Second Amended Complaint. Thus, plaintiffs maintain, very little change is required to the scope of discovery.

To the extent plaintiffs have had knowledge of the facts underlying their amendments for eight months, plaintiff point out that they are responding to the Special Master's February 6, 2019 discovery ruling. The ruling was that, in order to obtain 2018 discovery, plaintiffs should amend to specifically plead 2018 damages. Plaintiffs' Second Amended Complaint included that, unless defendant stopped selling their dicamba products, plaintiffs expected "to lose millions of dollars in revenue from lost production, sales, and inventory in 2017 forward" and that they would likely be out of business by 2019. Plaintiffs are now, through their proposed Third Amended Complaint, specifically pleading their 2018 damages in response to the Special Master's directive. Plaintiffs allege that not only do the peach trees continue to suffer the effects of dicamba drift from 2016 and 2017, which seems to be covered in the Second Amended

Complaint, but also neighboring farmers sprayed dicamba in 2018, as well, causing new damage to the peach orchard.

In any event, plaintiffs further maintain that the permanent damage to their peach orchard would have been apparent to defendants when their representatives inspected the orcharge on July 23-24, 2018. Defendants then cannot claim to be surprised by plaintiffs' amended counts. Plaintiffs' expert reports, served February 25, 2019, detail the plaintiffs' damages including the total financial loss of the peach business. Plaintiffs have already produced documents pertaining to 2018 damages and related discovery requests.

In light of this Court's memorandum and order on the motions to dismiss the MCDC, plaintiffs propose withdrawing their trespass claim and adding Missouri Crop Protection Statute claims. The additional claims involve the same core factual and legal issues at play since the beginning. No significant expansion or alteration of the scope of discovery will be required. Indeed, defendants have already requested and plaintiff provided discovery related to damages and factual discovery through 2018 and to present-day 2019. Plaintiffs responded with documents through the present in February 2019.

This is not a close question. Plaintiffs are permitted leave to file their Third Amended Complaint.

Accordingly,

IT IS HEREBY ORDERED that the plaintiffs' motion for leave to file third amended complaint is GRANTED.

So ordered this __5th__ day of April, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE