UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BADER FARMS, INC. and | ) | |
| BILL BADER | ) | |
| | ) | |
| Plaintiffs, | ) | MDL No. 1:18md2820-SNLJ |
| | ) | |
| v. | ) | Case No. 1:16cv299-SNLJ |
| | ) | |
| MONSANTO CO. and | ) | |
| BASF CORP., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM and ORDER**

This matter is before the Court on plaintiffs' motion to strike the supplemental expert report of Dr. Guido Schnabel and supplemental document production of Dr. Phillip Brannen.

On February 25, 2019, plaintiffs disclosed written reports from Drs. Baldwin and Guenthner opining that Plaintiffs' peach operation was biologically and financially unsustainable beyond 2018. On March 15, plaintiffs moved to add claims for 2018 damages and to include allegations reflecting these opinions. This Court granted the motion to amend the complaint, and the Court also granted defendants' motions to extend certain discovery deadlines. This Court stated that the parties would be permitted to supplement expert disclosures as required and that additional expert depositions could be taken at the direction of the Special Master.

Defendants requested an inspection between June 13 and June 20 to see the orchard during a relevant time of tree health. Plaintiffs denied the request for those

1

dates, but eventually the parties agreed that defendants could inspect the orchard on May 28 and 29, 2019, and produce supplemental expert reports based on their experts' findings. BASF Corporation's expert, Dr. Guido Schnabel, inspected plaintiffs' orchards on May 28 and 29 and noted that plaintiffs' orchards were still producing peaches. He also reaffirmed his opinion that Plaintiffs' orchards suffered from yield-reducing factors other than alleged dicamba exposure, such as armillaria root rot, bacterial spot, and weather stress. Plaintiffs deposed Schnabel on June 25 and suggested that Dr. Schnabel's May 2019 inspection had been too early to be relevant. After this deposition, plaintiffs' expert Dr. Baldwin conducted another inspection of Bader Farms on July 20, 2019. Based on this inspection, Dr. Baldwin produced a supplemental report opining that the alleged dicamba exposure at Bader Farms was causing primary damage and secondary effects to emerge, stressing and ultimately killing Bader's trees. Dr. Schnabel conducted a second inspection of Bader Farms on July 31, 2019. Based on data he collected during his July inspection, as well as the new opinions disclosed in Dr. Baldwin's supplemental report pertaining to his own July inspection, Dr. Schnabel prepared a second supplemental report. BASF produced the report on September 10, 2019, six days after the deadline for close of discovery on September 4, 2019.

In his September 2019 report, Dr. Schnabel opined that: (1) in July 2019 Bader Farms suffered from drought and weed stress; (2) bacterial spot disease was defoliating trees and rendering their fruit unmarketable; (3) Bader's 2019 spray records revealed insufficient bacterial spot management practices; (4) armillaria root rot infections had predictably expanded at a steady pace; and (5) claims that armillaria root rot affects only

2

peach trees weakened by other stress factors lack scientific evidence.

In the meantime, on August 2, 2019 plaintiffs served their Fourth Set of Requests for Production of Documents to Defendant Monsanto Company. Monsanto served responses to those requests on September 3. Included with those responses were the 4,000 files—photographs, maps, videos, and other materials—that support the opinions of Dr. Phillip Brannen, and 900 files in support of the opinions of Dr. Schnabel.

Plaintiffs move to strike both Schnabel's report and the production of the Brannen documents as untimely filed and prejudicial. They filed their motion on November 4, 2019.

**I.      Dr. Schnabel's Supplemental Report**

Federal Rule of Civil Procedure 37(c)(1) states, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Courts routinely use their discretion to allow untimely supplementation of expert reports under Rule 26 where there is time to remedy the harm caused by the late submission. *See, e.g.*, *United States v. STABL, Inc.*, 800 F.3d 476, 488 -89 (8th Cir. 2015); *In re Genetically Modified Rice Litig.*, 4:06 MD 1811 CDP, 2009 WL 3336086, at *1 (E.D. Mo. Oct. 6, 2009).

Defendants' position is that although "fact discovery" closed on September 4, they were free to continue expert discovery. They correctly assert that Federal Rule of Civil Procedure 26(a)(3)(B) and (e)(2) allow expert supplemental reports to be produced at least 30 days before trial unless the Court states otherwise. On the other hand, plaintiffs believe the Court intended for all discovery to close on September 4 because the Order

stated "Discovery will close on September 4, 2019." [#180 at 3.] They add that the Order granted defendants' motion to extend discovery deadlines, and in that motion the <u>defendants</u> asked for "all discovery" to close on September 4.

In any event, plaintiffs claim that the late filing of Schnabel's report was neither substantially justified nor harmless because they do not have time to depose Schnabel again before the trial setting next month. Again, this Court stated (after allowing plaintiffs to extend the expert witness deadlines in April) that it "will permit the parties to supplement expert disclosures as required, and additional expert depositions may be taken as well and at the direction of the Special Master." #180. Although there was a delay from the July 31 inspection date to the September 10 disclosure, it is notable that plaintiffs also delayed filing their motion to strike until November 4, some eight weeks after the disclosure. And surely that was a sufficient window to request that Schnabel submit to a supplemental deposition.

Given the complexity of the case, and the obvious need for an ongoing review of the damage to the peach trees, this Court finds that Schnabel's supplemental report was not so untimely as to warrant its exclusion. However, to offset any harm to plaintiffs, and because the trial is still more than five weeks away, and if plaintiffs so request, Dr. Schnabel will be required to submit to a supplemental deposition as soon as practicable. And of course, plaintiffs may also request that the trial be continued.

**II.    Dr. Brannen's Documents**

Defendants timely responded to plaintiffs' August 2 document request on September 3. Their responses included voluminous documents from experts. That they were disclosed the day before the discovery deadline is not controlling, as it was the timing of plaintiffs' requests that set the disclosure deadline. Nonetheless, plaintiff argue

4

that the kind of documents produced on September 3 should have been produced much earlier—in line with Rule 26(a)(2)(B)'s requirement that they be disclosed with Brannen's initial report. Defendants respond that the required documents were previously identified during depositions or otherwise. They add that production of the documents did not result in prejudice to plaintiffs because the documents did not change the experts' opinion.

Accordingly,

IT IS HEREBY ORDERED that the plaintiffs' motion to strike the supplemental expert report of Dr. Guido Schnabel and supplemental document production of Dr. Phillip Brannen [#269] is DENIED.

So ordered this  11th  day of December, 2019.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE