# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BADER FARMS, INC. and<br>BILL BADER | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | MDL No. 1:18md2820-SNLJ |
| | ) | |
| v. | ) | Case No. 1:16cv299-SNLJ |
| | ) | |
| MONSANTO CO. and<br>BASF CORP., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

On December 20, 2019, this Court entered a memorandum and order [#282] denying defendants' motion for summary judgment on damages [#224]. This memorandum and order is an addendum to the December 20 Memorandum and Order.

Plaintiffs' expert Dr. Joseph Guenthner opines that plaintiffs will sustain $21 million in damages if they cease operating. Guenthner also makes an "alternative" calculation that plaintiffs will sustain $42 million in damages if they continue selling peaches. In their motion for summary judgment on damages, defendants argued that the Court should grant summary judgment on any claim for alleged future crop injury based on Guenthner's $42 million continued-operations calculation. Indeed, plaintiffs have a duty to minimize their damages; they may not recover amounts that could have been avoided. *Faire v. Burke*, 252 S.W.2d 289, 294 (Mo. 1952); *Gerst v. Flinn*, 615 S.W.2d 628, 631 (Mo. App. E.D. 1981). In *Faire*, for example, the plaintiff sought damages for his cotton crop, which was harmed by drift from his neighbor's pesticide spraying. The plaintiff said his yield would have been 25 bales, but that he harvested only six bales, so

he sought compensation for his lost 19 bales. Evidence showed that his yield would have been 12.5 bales if he had properly cared for his crop, however. The plaintiff was allowed to recover only for 12.5 bales and not the 19 bales he sought. *Faire*, 252 S.W.2d at 294.

Here, plaintiffs may not recover for injuries that could be avoided. As a result, the Court will grant summary judgment to defendants on the limited matter that plaintiffs may not seek damages based on Guenthner's "alternative" $42 million damages calculation.

The December 20 Memorandum and Order [#282] is otherwise unaffected by this memorandum and order.

Accordingly,

IT IS HEREBY ORDERED that the defendants motion for summary judgment on damages [#224] is GRANTED in part, and plaintiffs may not seek damages based on their expert's $42 million damages calculation.

So ordered this  26th  day of December, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE