UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BADER FARMS, INC. and | ) | |
| BILL BADER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-00299-SNLJ |
| | ) | |
| MONSANTO CO., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM and ORDER

Trial in this matter starts in two weeks. Plaintiffs have listed Mr. Steve Smith as a fact witness. Mr. Smith is currently Senior Director of Agriculture at Red Gold Tomatoes, the largest privately-held canned tomato processor in the United States. From 2009 to 2012, Mr. Smith was a member of defendants' Dicamba Advisory Council ("DAC"). Plaintiffs allege the DAC was formed when Monsanto convened a group of diverse stakeholders to discuss the commercial development of the Xtend crop system, which included communicating with and getting input from specialty crop growers. Plaintiffs contend that how defendants reacted to the insights provided by members of the DAC reflect Monsanto's conscious decisions to either act responsibly or not with the release of the Xtend seed system. As Director of Agriculture for Red Gold Tomatoes, Mr. Smith's presence on the DAC reflected the concerns of specialty crop growers like the Baders who could not simply switch to Xtend seed to protect themselves from dicamba being sprayed on their neighbors' Xtend crops. Plaintiffs state that Mr. Smith, while a member of the DAC and since, warned Monsanto and the agricultural industry of the risk

1

of off-target damage created by the commercialization of the Xtend seed system. On September 10, 2010, Mr. Smith testified to Congress, cautioning that "the widespread use of dicamba herbicide possesses the single most serious threat to the future of the specialty crop industry in the Midwest." Plaintiffs allege Monsanto was aware of this testimony soon after it was given.

Mr. Smith will testify that, upon recognizing that defendants were being dismissive of the concerns he expressed to the DAC, in early 2012, he became involved in the formation of the Save Our Crops Coalition, "a grassroots coalition of farm interests organized for the specific purpose of preventing injury to non-target plants from exposure to 2,4-D and Dicamba." Monsanto considered the formation of the Save Our Crops Coalition to be a conflict of interest with the Dicamba Advisory Council, so in 2012, Mr. Smith was removed from the Council. Plaintiffs state that Mr. Smith has first-hand experience with defendants' "hostile response" to warnings of off-target dicamba damage and any activities that might have slowed the release of the Xtend seed system. Plaintiffs insist his testimony is highly relevant to the issues set forth in Plaintiffs' complaint.

Defendants argue that Mr. Smith must not be allowed to testify because he will provide improper "expert" testimony and that he was not properly disclosed as a witness. The Court agrees that Mr. Smith may not testify to matters reserved for experts in this matter. Although the Court had some concern regarding the fact that what Mr. Smith is alleged to have told Monsanto brushes up against expert testimony, it is also true that Monsanto chose to put Mr. Smith on the DAC, thereby seeking his input on these matters. The Court is nevertheless confident that the parties' careful questioning, and, if

necessary, a limiting instruction, can prevent any prejudice from supposed improper expert testimony.

Mr. Smith may testify as a fact witness. Although he was not included on plaintiffs' Rule 26 disclosures, his role in this case is not news to the defendants. He was identified in both the Second Amended Complaint and the Third Amended Complaint. He has been discussed at length in depositions with Monsanto's witnesses. Plaintiffs have expressed concern that information concerning defendants' DAC cannot be made available without running afoul of hearsay objections unless Mr. Smith is called to testify in person. The Court disagrees that the alleged late notice of Mr. Smith's testimony is too prejudicial to defendants. Defendants will be permitted to depose him, and plaintiffs have already suggested times and locations for such a deposition.

Finally, the Court acknowledges defendants' concern that Mr. Smith's testimony relates to events that occurred years before defendants even developed the Xtend seed system. Indeed, when Mr. Smith was on the DAC, the defendants had not yet developed a dicamba-based herbicide designed to address Mr. Smith's concerns about damage to off-target crops. Although the Court will not permit unnecessarily cumulative evidence regarding what defendants knew about old dicamba's propensity to move off-target, Mr. Smith's experience on the DAC is relevant to plaintiffs' claims and will be allowed.

Accordingly,

IT IS HEREBY ORDERED that plaintiffs' motion to allow testimony of Steve Smith (#336) is GRANTED and defendants' motion to exclude testimony of Steve Smith (#337) is DENIED.

IT IS FURTHER ORDERED that the plaintiffs shall make Steve Smith available for deposition within 10 days.

So ordered this 14th day of January, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE