UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BADER FARMS, INC., | ) |
| | ) MDL No. 1:18-md-02820-SNLJ |
| Plaintiff, | ) |
| | ) Indiv. Case No. 1:16-cv-00299-SNLJ |
| v. | ) |
| | ) |
| MONSANTO COMPANY and | ) |
| BASF Corporation, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM and ORDER**

The parties dispute the form of the judgment in this matter following a jury trial. The Court ordered briefing on this matter at defendant BASF Corporation's request. (#566.)

The jury found as follows:

- In Part 1 of Verdict A, that plaintiff had proven negligent design or failure to warn for 2015 and 2016 against defendant Monsanto and negligent design or failure to warn for 2017 to the present against both defendants Monsanto and BASF.

- In Part 2 of Verdict A, the jury awarded plaintiff $15 million in actual damages.

- In Part 3 of Verdict A, the jury found that Monsanto was liable for punitive damages for conduct during 2015-2016.

1

- On Verdict Form B, the jury found that the defendants were acting in a joint venture and in a conspiracy.
- On Verdict Form C, the jury assessed punitive damages against Monsanto for 2015 and 2016 in the amount of $250 million.

Plaintiff informally submitted a proposed judgment that states both Monsanto and BASF are responsible for the $250 million punitive damages award. BASF objects to the proposed judgment to the extent punitive damages are imposed against it as a joint venturer with Monsanto. Specifically, BASF contends that it should not be responsible for any part of that award for several reasons.

First, BASF argues that the proposed judgment is inconsistent with and unsupported by the jury's verdict because the Court's instructions on punitive damages and the jury's resulting findings addressed Monsanto's conduct and liability alone.

Instructions 9 and 14 underpin the punitive damage award. Instruction 9 defined the negligence claims against Monsanto for 2015 and 2016 acts and permitted the jury to find for plaintiff and against Monsanto if the jury found Monsanto failed to use ordinary care. (#554 at 10.) BASF was not mentioned. Instruction 14 cross-referenced the conduct the jury relied on in Instruction 9 and stated the jury could find Monsanto liable for punitive damages "if you believe the conduct of Defendant Monsanto Company as submitted in Instruction No. 9 showed complete indifference to or conscious disregard for the safety of others." (#554 at 15.) Instruction 14 likewise did not mention BASF. Notably, this Court determined that the matter of punitive damages could only go to the jury on 2015 and 2016 conduct, which involved the rollout of Monsanto's Xtend seeds

2

without a corresponding low-volatility dicamba-based herbicide. The Court ruled that BASF's individual conduct in 2015 and 2016 did not warrant separate imposition of punitive damages against BASF. The Court also ruled against the imposition of punitive damages against both defendants from 2017 forward.

BASF's concerns with respect to these instructions were discussed at length on the record. The structure of Verdict Form B was based on the Court's ruling that the jury's finding of joint venture or conspiracy would make the defendants jointly liable for any compensatory and punitive damages awards. Indeed, the verdict form expressly instructed the jury not to apportion fault between defendants if it found a joint venture or conspiracy. In lengthy discussions regarding whether the Court should include reference to BASF in the 2015-2016 verdict director or to add a separate special interrogatory for BASF, the Court observed—and plaintiff and BASF agreed—that BASF's liability for punitive damages would be subsumed and argued under the joint-venture claim, which was addressed by Instruction 16:

> [BASF counsel]: Because the only reason why we are in in 2015 or 2016 is because of the potential joint venture and the release of the seed. I mean, that's –
>
> [Plaintiff counsel]: Well, that's not what we pled.
>
> The Court: That's true for punitives.

(Tr. 2410.)

> The Court: Why do you have to have that [language referring to BASF's conduct] in there? Why didn't [Instruction] 16 take care of all your problems?

3

> [BASF counsel]: So you just want me to take the phrase out and just have – an instruct them that they can only consider Monsanto's conduct?
>
> [Monsanto counsel]: Take the words out and we are done.
>
> [BASF counsel]: That language would encompass necessarily conduct that Monsanto did with BASF. "Monsanto's conduct."
>
> ***
>
> The Court: Why doesn't 16 take care of the problem?
>
> [Plaintiff counsel]: Fine. I am tired.

(Tr. 2416.) The Court and the parties clearly understood, then, that the joint venture instruction (Instruction 16) would operate to make BASF liable for the 2015 and 2016 conduct, even though Monsanto alone was mentioned in the punitive damages verdict director. This is underscored by BASF counsel's closing argument:

> [BASF counsel]: I will spend the last bit of time I have talking about joint venture and conspiracy. The only reason these are on here is for BASF to be held liable for things that happened in '15 and '16. <u>When you are asked about '15 and '16 both from the punitive side and on the liability side, you will only see Monsanto's name there</u>.
>
> Now, again, I don't think you get there because I don't think there's causation, but for '15 and '16 you won't see BASF's name because we didn't have a product there. <u>So for both punitives and liability, what the plaintiffs want you to do is find a conspiracy and joint venture because that means BASF shares Monsanto's losses</u>.
>
> So I'm asking you, if you think it's unfair for BASF to share the losses for '15 and '16 when they had zero control over the seed, to say no to these two [conspiracy and joint venture]. And that's all you need to do.

4

(Tr. 2527 (emphasis added).) Thus, the Court made it clear on the record it was "true for punitives" that BASF would be liable in 2015 or 2016 because of the potential joint venture. In fact, BASF told the jury that it would be liable for any punitive damages if the jury found joint venture.

All this comports with Missouri law. The Uniform Partnership Act—which applies also to joint ventures, which are essentially partnerships for a limited purpose— states that

> Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership or with the authority of his copartners, loss or injury is caused to any person, not being a partner in the partnership, <u>or any penalty is incurred</u>, the partnership is liable therefor to the same extent as the partner so acting or omitting to act.

§ 358.130 RSMo (emphasis added); *see Blanks v. Fluor Corp.*, 450 S.W.3d 308, 401-02 (Mo. App. E.D. 2014). In *Blanks*, the court stated, "given that the partnership is liable for penalties incurred by a partner for acts done in the course of the partnership's business, including punitive damages…proof of individual culpability is not required." *Id.*; *see also Blue v. Rose*, 786 F.2d 349, 352 (8th Cir. 1986); *Rogers v. Hickerson*, 716 S.W.2d 439, 447 (Mo. App. S.D. 1986); *Martin v. Yeoham*, 419 S.W.2d 937, 950–52 (Mo. App. Kansas City 1967). "This liability attaches even if partners did not participate in, ratify, or have knowledge of the activity giving rise to the award of punitive damages." *Blanks*, 450 S.W.3d at 402 (citing *Rogers*, 716 S.W.2d at 447); *see also* 68 *C.J.S. Partnership* § 209 ("Partners are vicariously liable for punitive damages based on acts of their copartners done in the course of the partnership business; this liability attaches even if

partners did not participate in, ratify, or have knowledge of the activity giving rise to the award of punitive damages.").

BASF's other arguments are also unavailing because they fail to recognize the special circumstance present here—the jury found BASF and Monsanto were engaged in a joint venture. BASF's reliance on § 537.067 RSMo—the apportionment of fault statute—is misplaced. That statute states in pertinent part "defendants shall only be severally liable for the percentage of punitive damages for which fault is attributed to such defendant by the trier of fact." § 537.067.2 RSMo. However, that section purports to apply only where there are two or more co-defendants each of whom are independently liable for punitive damages, in which case an apportionment is necessary. The section does not apply in this case, where no allocation of fault was necessary.

To be sure, in its order of July 2020 and with plaintiff's agreement, this Court dismissed the plaintiff's joint liability claim for punitive damages claim in the context of this statutory apportionment analysis. But this Court was not asked to address an alternative theory of joint venture liability—the only theory of liability offered against BASF for punitive damages in the instructions. The Court notes that plaintiff's joint venture count (Count X) itself sought punitive damages. And, again, the finding of joint venture obviated the need for separate punitive damages awards that might have implicated the apportionment statute. Although BASF also claims that it was prejudiced by the submission of the "alternate" joint venture liability theory for punitive damages, it identifies no real effort it could have made to avoid that liability other than the constant and comprehensive defense it raised to joint venture liability throughout the trial.

6

Finally, BASF complains that, as a matter of due process, the jury should have been required to make a specific finding that the punitive damages misconduct occurred in furtherance of the joint venture. Suffice it to say that the joint venture findings in Instruction 16 satisfied that requirement.

For the foregoing reasons, then, the Court will enter the judgment proposed by plaintiff and endorsed by Monsanto. BASF and Monsanto are jointly liable for the entirety of the verdict in light of the jury's finding that the defendants were in a joint venture.

It is SO ORDERED this 28th day of February, 2020.

                                                STEPHEN N. LIMBAUGH, JR.
                                                UNITED STATES DISTRICT JUDGE