UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BADER FARMS, INC. and BILL BADER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) | Case No. 1:16-cv-00299-SNLJ |
| MONSANTO CO., and BASF CORPORATION, | ) ) ) |
| Defendants. | ) |

## BASF CORPORATION'S ALTERNATIVE MOTION FOR A NEW TRIAL UNDER FED. R. CIV. P. 59

Defendant BASF Corporation, by and through its undersigned attorneys, hereby moves that, should the Court deny BASF Corporation's contemporaneously filed Motion for Judgment as a Matter of Law, the Court grant a new trial on all claims pursuant to Federal Rule of Civil Procedure 59, or, in the alternative, a remittitur or the punitive damages award, based on the below errors at trial. In support of this Motion, BASF files the accompanying Memorandum in Support and the exhibits cited therein, and states the following points, which are further explicated in the accompanying Memorandum in Support:

1. ***The Court's erroneous admission of Plaintiff's expert Dr. Baldwin and exclusion of BASF's experts Drs. Gallus, Hewitt, and Jackson requires a new trial***. Either error alone is sufficient to justify the grant of a new trial; taken together, they compel such a remedy.

2. Dr. Baldwin's opinions regarding causation, Armillaria root rot, symptoms on peach trees, and "atmospheric loading" were unreliable and inadmissible because (1) he failed to apply any scientific methodology to reach his causation opinions, (2) he lacked the qualifications to offer opinions regarding Armillaria root rot in peach trees, (3) he lacked the qualifications to offer opinions on how peach trees exhibit stress, and (4) he lacked the qualifications to offer opinions on volatility, meteorology, "atmospheric loading," or long-range transport of dicamba. It was error to admit his causation opinions, and because causation was a strongly disputed element at trial, BASF is entitled to a new trial.

3. In addition, BASF's experts—who would have rebutted Dr. Baldwin's unreliable testimony—should not have been excluded under Rule 37(c)(1) because (1) the experts were in fact disclosed in compliance with Rule 26(a)(2), and (2) even assuming *arguendo* that they were not properly disclosed, any technical failure was substantially justified and harmless. By admitting Dr. Baldwin and excluding Drs. Gallus, Hewitt, and Jackson, the Court allowed the jury to hear Plaintiff's theory that dicamba volatilizes, collects in temperature inversions, and moves off-site to harm sensitive plants, including the peach trees at Bader Farms, without any rebuttal. That error most likely affected the verdict, and BASF is entitled to a new trial.

4. ***The Court's erroneous admission of thousands of claims of alleged off-site movement of dicamba requires a new trial***. The Court erred in admitting evidence of host of investigation reports and complaints of alleged off-target herbicide movement, including but not limited to Plaintiff's Exhibits 199, 605, and 2019, because these

US.127106760

documents were: (1) hearsay, i.e. out-of-court statements offered for the truth of the allegations in the documents, (2) irrelevant, because even assuming the documents were admitted for "notice" rather than truth, there is no post-sale duty to warn in Missouri, (3) cumulative under Rule 403, and (4) irrelevant because Plaintiff made no showing that the "other claims" were substantially similar to Plaintiff's claim. The admission of these documents and others like them inflamed the jury and caused prejudice to BASF, requiring a new trial where such evidence is excluded.

     5.     ***The Court's erroneous instructions to the jury requires a new trial***.

     6.     Instruction No. 10 (Negligent Design & Failure to Warn: 2017-Present) improperly referred to the "dicamba-tolerant system," when it is undisputed that BASF did not manufacture or sell "the dicamba-tolerant system." This instruction improperly allowed the jury to hold BASF liable for a product it did not design, manufacture, or sell, which is prohibited by Missouri's product identification and actual causation standards.

     7.     Instruction No. 11 (Actual Damages) misstated the appropriate measure of damages to perennial fruit trees under Missouri law and used the wrong Missouri Approved Instruction. The instruction wrongly allowed the jury to award damages for future crop losses barred by Missouri law as overly speculative and failed to instruct that the proper measure of damages was the difference in the reasonable market value of Bader Farms' peach orchards before and after the damage.

     8.     Instruction No. 16 (Joint Venture) failed to apply New York law as required by the choice-of-law provisions in Defendants' governing contracts, misled the jury by not defining the legal term "shared pecuniary interest," and failed to instruct the

jury that a joint venture must be proven by clear and convincing evidence. This instruction lowered Plaintiff's burden of proof.

9.     Instruction No. 17 (Civil Conspiracy) improperly allowed the jury to return a verdict based on lawful conduct. This instruction thus failed to include an essential element of Plaintiff's civil conspiracy claim.

10.     ***The Court's last-minute reversal of its dismissal of Plaintiff's claim of joint liability for punitive damages requires a new trial.*** Well before trial, the Court dismissed Plaintiffs' joint liability punitive damages claim. (Dkt. 191 at 15-16). After the close of evidence, when all parties had rested, the Court mentioned in an off-the-record jury instruction conference the possibility that a joint venturer might be responsible for punitive damages assessed against its fellow joint venturer. But the Court did not alter its prior ruling on the record, either orally or in writing, and the Court did not state on the record any basis for making any change in the existing order. Only after the delivery of the jury's verdict did the Court determine *on the record* that BASF was jointly liable for punitive damages against BASF and entered a judgment reflecting its ruling. (Dkt. 572, 573). The last-minute reintroduction into the case of a claim that the Court had earlier dismissed substantially prejudiced BASF by effectively preventing BASF from defending against the claim. The entry of the judgment making BASF jointly liable for punitive damages also prejudiced BASF by making evidence that the Court had previously admitted regarding Monsanto's net worth retroactively *in*admissible based on the newly revived claim of joint liability for punitive damages. This prejudicial error requires a new trial.

11. ***The jury's excessive and unconstitutional punitive damages award requires a new trial or, in the alternative, a remittitur.***

12. The imposition of punitive damages violates BASF's due process rights because: (1) the judgment imposes joint liability for punitive damages on BASF without a jury finding regarding BASF's *individual* culpability, as required by the Supreme Court; (2) the judgment arbitrarily imposes joint liability for punitive damages on BASF without any jury finding that punitive damages were justified by either (a) the conduct of BASF itself or (b) conduct by Monsanto in furtherance of any joint venture of which BASF was a member; (3) the judgment unfairly and unconstitutionally deprived BASF of its right to defend against a claim for joint liability for punitive damages; and (4) the size of punitive damages award indicates that the jury's liability finding was based on passion or prejudice. These violations of BASF's due process rights require a new trial.

13. In addition, the size of the punitive damages award is unconstitutionally excessive, and, if the award is assessed against BASF, it must be reduced to comport with due process. The record does not support a finding that BASF's conduct was reprehensible. Further, the punitive damages award does not bear a reasonable relationship to the Plaintiff's compensatory damages. Lastly, the punitive damages award dwarfs any possible civil penalty that might be imposed. The unconstitutionally excessive punitive damages award requires a new trial or, in the alternative, a remittitur.

14. ***BASF is entitled to a new trial because the jury verdict was against the weight of the evidence.*** The issues on which the jury's verdict was against the weight of the evidence are laid out in BASF's contemporaneously filed Motion for Judgment as a

5

Matter of Law and Supporting Memorandum. BASF incorporates the arguments from that Motion rather than repeating them here.

15. *The cumulative prejudice of these errors requires a new trial.* Piled on top of one another, the above errors had a substantial prejudicial influence on the verdict rendered by the jury, entitling BASF to a new trial.

**WHEREFORE**, Defendant BASF Corporation respectfully requests that this Court (should it deny BASF Corporation's contemporaneously filed Motion for Judgment as a Matter of Law) grant a new trial on all claims pursuant to Federal Rule of Civil Procedure 59, or, in the alternative, a remittitur or the punitive damages award.

Respectfully submitted,

**FAEGRE DRINKER BIDDLE & REATH LLP**

Dated: March 27, 2020

*/s/ John P. Mandler*
John P. Mandler (194438MN)
Anthony W. Finnell, Jr. (admitted *pro hac vice*)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 44502
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
john.mandler@faegredrinker.com
anthony.finnell@faegredrinker.com

Ross W. Johnson (admitted *pro hac vice*)
Martin J. Demoret (admitted *pro hac vice*)
Carolyn A. Gunkel (admitted *pro hac vice*)
801 Grand Avenue, 33rd Floor
Des Moines, IA 50309
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

US.127106760

ross.johnson@faegredrinker.com
martin.demoret@faegredrinker.com
carolyn.gunkel@faegredrinker.com

Tarifa B. Laddon (admitted *pro hac vice*)
11766 Wilshire Blvd., Suite 750
Los Angeles, CA 90025
Telephone: (310) 500-2090
Facsimile: (310) 500-2094
tarifa.laddon@faegredrinker.com

**HEPLERBROOMLLC**
Troy A. Bozarth – 5209515
Thomas J. Magee – 32871MO
Charles N. Insler – 58623MO
One Metropolitan Square
211 North Broadway, Suite 2700
St. Louis, MO 63102
Telephone: (314) 241-6160
Facsimile: (314) 241-6116

***Attorneys for BASF Corporation***

## CERTIFICATE OF SERVICE

      I certify that on March 27, 2020, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF.

      */s/ John P. Mandler*

US.127106760