**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

BADER FARMS, INC.,                    )
                                      )          MDL No. 1:18-md-02820-SNLJ
      Plaintiff,                )
                                      )          Indiv. Case No. 1:16-cv-00299-SNLJ
v.                                    )
                                      )
MONSANTO COMPANY and                  )
BASF Corporation,                     )
                                      )
      Defendants.               )

## MEMORANDUM and ORDER

This matter is before the Court on remand from the United States Court of Appeals for the Eighth Circuit. The defendants appealed this Court's entry of judgment following a three-week jury trial. Court of Appeals reversed in part, vacated the award of punitive damages, and remanded "with instructions to hold a new trial on the single issue of punitive damages. In all other respects, the judgment [was] affirmed." [Doc. 665-1, Opinion at 28.]

This Court ordered the parties to file memoranda addressing the scope of remand, including, but not limited to, (1) the effect of this Court's prior rulings on punitive damages, and (2) issues pertaining to additional discovery.

At the close of evidence during trial, this Court denied defendants' motions for judgment as a matter of law on the direct tort claims and on plaintiff's claims for joint venture and conspiracy. Both defendants also moved for judgment as a matter of law on plaintiff's punitive damages claims. This Court ruled that (1) punitive damages were appropriate only for the two-year period during which Monsanto's Xtend seeds were on

1

the market without any corresponding low-volatility dicamba-based herbicide (2015-2016), and (2) the evidence failed as a matter of law to support a claim for punitive damages against BASF for conduct during that period.  [Tr. at 2313, 2366.]

The jury found that BASF and Monsanto were co-conspirators and joint venturers and that they were liable for plaintiff's tort claims and $15,000,000 in compensatory damages.  In a separate phase, the jury awarded $250,000,000 in punitive damages against Monsanto.  Although this Court's judgment included that BASF and Monsanto were jointly and severally responsible for the award of punitive damages, such joint liability was a result of the jury's finding that the two defendants were engaged in a joint venture.  This Court granted in part the defendants' post trial motions, reducing the punitive damages award to $60,000,000.

Defendants appealed.  The Court of Appeals determined that the defendants had not been engaged in a joint venture, but it affirmed that the defendants had conspired together.  On appeal, as summarized by the Eighth Circuit,

> The defendants challenge[d] the punitive damages award in three ways. First, Monsanto and BASF argue that punitive damages were not submissible under Missouri law. Second, BASF argues that, after instructing the jury to assess punitive damages against Monsanto only, the district court erred in holding Monsanto and BASF jointly and severally liable for punitive damages. Third, Monsanto and BASF believe that the amount awarded was unconstitutionally excessive under the Due Process Clause of the Fourteenth Amendment.

[Op. at 21.]  Discussing whether submission of punitive damages to the jury had been proper, the Eighth Circuit concluded that "Bader provided clear and convincing evidence that Monsanto and BASF acted with reckless indifference, and the *Lopez* factors did not

prevent submission of punitive damages." [Op. at 24.] Then, the Court of Appeals determined that although it might have been proper to hold joint venturers jointly liable for punitive damages, a joint venture had not existed here. Because a jury must apportion fault among conspirators for the purpose of assessing punitive damages under state law, the Court of Appeals held that this Court must retry the matter of punitive damages as against BASF and Monsanto.

As indicated, though, this Court had already determined that punitive damages against BASF were not appropriate, and no party appealed that ruling. The Court of Appeals notably did not mention it. The Court of Appeals noted

> The jury was instructed it could "find that Defendant Monsanto Company is liable for punitive damages" if it "believe[d] the conduct of Defendant Monsanto Company . . . showed complete indifference to or conscious disregard for the safety of others." The instruction did not mention BASF at all. Only Monsanto presented a defense during the trial's punitive damages phase, and the only additional evidence was a stipulation of Monsanto's net worth.

[Op. at 23.] The punitive damages instruction "did not mention BASF at all" because this Court had granted BASF's motion for judgment as a matter of law with respect to the argument that plaintiff did not have a submissible claim for punitive damages against BASF individually. Indeed, the claim presented in Instruction 9, Negligent Design & Failure to Warn for 2015-2016, was against Monsanto alone. [Doc. 554 at 10.] BASF's negligence was considered only for the time period after the release of its product, Engenia, in 2017. [*Id.* at 11.] There was no suggestion that BASF could be held individually liable for punitive damages during a period for which BASF's negligence was not in question and was not submitted to the jury.

3

Indeed, plaintiff did not tender any instructions against BASF for its conduct before 2017.  Plaintiff's tendered instructions pertained only to negligence related to BASF's herbicide Engenia, which was not released until 2017.  [Doc. 544 at Instruction E, H, K.] The trial transcript also reveals that plaintiff's attorney offered instructions that omitted BASF from the punitive damages decision.  She stated, "Your Honor, we understood that you told us that we couldn't submit against BASF for '15 and '16, and the only theory would be if they were found liable with joint venture.  So that's why we removed them from there."  [Tr. 2401-02.]  This Court further explained that plaintiff's "entire case on 2015 and '16 is based on the early release," and "That doesn't have anything to do with BASF."  [Tr. 2411-12.]  Further, "The problem I have is you have no evidence that BASF did anything wrong in 2015 and 2016."  [Tr. 2413.]  Plaintiff's counsel confirmed that "I don't need the reference to other defendants to do anything against BASF.  I want the jury to consider Monsanto's conduct by itself and what Monsanto did with BASF.  I'm not saying to consider BASF's conduct to do anything against BASF."  [Tr. 2412-13.]

Critically, no party appealed Instruction 9 (allowing the negligence claims for 2015-16 against Monsanto only), nor did any party appeal the ruling that BASF could not be responsible for punitive damages for 2015-2016.  BASF appealed the joint-liability punitive damages ruling on appeal. The matter of an individual punitive damages claim against BASF was not before the Eighth Circuit because no one raised it.  It was therefore waived.  *See XO Missouri, Inc. v. City of Maryland Heights*, 362 F.3d 1023, 1025 (8th Cir. 2004).  The Eighth Circuit's discussion regarding the appropriateness of the punitive damages submission against BASF appears to be *dicta* because it is not relevant to the

issues that were presented on appeal. In any event, in the absence of any claim of negligence against BASF for the years 2015-16, obviously there can be no claim for punitive damages for those years. Accordingly and necessarily, any apportionment due to the conspiracy between Monsanto and BASF pertaining to the years 2015-16 would be 100% against Monsanto and 0% against BASF.

All in all, these rulings constitute the law of the case, meaning that

> "[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983); *see also Morris v. American Nat'l Can Corp.,* 988 F.2d 50, 52 (8th Cir. 1993). This principle applies to both appellate decisions and district court decisions that have not been appealed. *First Union Nat'l Bank v. Pictet Overseas Trust Corp.,* 477 F.3d 616, 620 (8th Cir. 2007) (internal citation omitted).

*Alexander v. Jensen-Carter*, 711 F.3d 905, 909 (8th Cir. 2013). Because it is the law of the case that plaintiff did not make a submissible case for punitive damages against BASF individually, and because that ruling was not itself appealed by any party, the matter of punitive damages is settled.

The Court will await the parties' proposed judgment to finally dispose of this matter.

Dated this 30th day of November, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE