UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BADER FARMS, INC., | ) |
| | )    MDL No. 1:18-md-02820-SNLJ |
| Plaintiff, | ) |
| | )    Indiv. Case No. 1:16-cv-00299-SNLJ |
| v. | ) |
| | ) |
| MONSANTO COMPANY and | ) |
| BASF Corporation, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM and ORDER**

After a three-week trial, a jury found defendants BASF and Monsanto liable on plaintiff's tort claims and $15,000,000 in compensatory damages. In a separate phase, the jury awarded $250,000,000 in punitive damages against Monsanto. Judgment on that verdict, after some disagreements with respect to the wording, was entered by this Court on February 28, 2020. The parties engaged in extensive post-trial motion practice. On November 25, 2020, this Court entered an amended judgment, reducing punitive damages to $60,000,000.

After an appeal to the Eighth Circuit, and remand to this Court, a dispute has arisen between plaintiff and defendant BASF regarding post-judgment interest as applied to BASF's portion of the $15,000,000 compensatory damages award. Under 28 U.S.C. § 1961, a party that obtains a money judgment may recover post-judgment interest from the opposing party. *Finan v. Good Earth Tools, Inc.*, 2011 WL 147738, at *3 (E.D. Mo. Jan. 18, 2011) (citing 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment

in a civil case recovered in a district court.")). Under the statute, post-judgment interest begins to accrue on entry of the judgment, accruing at a rate equal to the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. *See Kaiser Aluminum & Chemical Corp v. Bonjorno*, 494 U.S. 827, 835 (1990) ("[P]ostjudgment interest properly runs from the date of the entry of judgment.").

Plaintiff argues that post-judgment interest began to accrue after the February 28, 2020 judgment.  BASF contends that post-judgment interest began to accrue after the November 25, 2020 amended judgment because that judgment was the "final appealable judgment."  [Doc. 689 at 4, citing *U.S. Fidelity and Guar. Co. v. Housing Auth. Of the City of Poplar Bluff*, 114 F.3d 693, 698 (8th Cir. 1997).]  BASF calls the February judgment the "preliminary judgment," and BASF insists that the November judgment is the "final appealable judgment" that triggers accrual of post-judgment interest.  [Doc. 689 at 7.]

This Court disagrees.  BASF's own citations do not appear to support its position. *U.S. Fidelity and Guaranty Company* does state that interest accrues as of the "date of the final judgment on damages," 11 F.3d at 698, but in that case, the parties disagreed whether the earlier date of the judgment on liability <u>alone</u> triggered accrual versus the later judgment on damages.  That is, the first judgment was not complete because it did not include any determination of damages.  No such disparity exists here.  BASF also cites *In re Popkin & Stern,* 287 B.R. 738, 743 (B.A.P. 8th Cir.), *aff'd*, 346 F.3d 804 (8th Cir. 2003), and quotes "Because a bankruptcy court is part of the district court, the statute applies to bankruptcy proceedings…and post-judgment interest accrues when damages are quantified in a final,

appealable judgment." But there, the question was whether a 1994 judgment that stated its award could later be reduced triggered accrual of interest; the Eighth Circuit stated "interest began accruing on the 1994 Judgment the day it was entered. This fact is not altered by the possibility that the 1994 Judgment may ultimately be reduced if the actual deficiency…is found to be less than the judgment." *Id.* These facts do not support BASF's position.

The *Finan* case, upon which BASF chiefly relies, does not even support BASF. The case involves two judgments, a November 2007 judgment and an amended judgment entered in April 2008. The court held that post-interest judgment began accruing at the later, April 2008 judgment—but that was because the April 2008 judgment <u>included</u> prejudgment interest through the date of the April 2008 judgment. 2011 WL 147738, at *5. Applying interest after the November 2007 judgment would have allowed for a double-recovery.

BASF also cites *Allstate Vehicle & Prop. Ins. Co. v. Adams*, 2019 WL 13172371, at *2 (W.D. Mo. Jan. 10, 2019). There, the court determined whether an April 2018 judgment, or the August 2018 date the court denied post-trial motions, triggered the accrual of post-judgment interest. The court stated that "the issue is whether the judgment against Allstate became final on April 6 or August 10, 2018." *Id.* at 1. The court held that "the April 6, 2018 judgment is a final judgment, and the 'starting point' for the calculation of postjudgment interest." *Id.* at 2. Although this Court did amend the judgment after post-trial motions, that case does not demand that the amended judgment is the starting point for post-judgment interest.

3

BASF's reliance on *E2Interactive, Inc. v. Blackhawk Network, Inc.*, 2012 WL 13000379, at *1 (W.D. Wis. Dec. 6, 2012), is also inapposite because, in that case, the court held its earlier judgment was not "final" for purposes of accruing post-judgment interest because it had left open the determination of pre-judgment interest.  There, the only question was the date dividing the accrual of prejudgment interest and post-judgment interest—which was significant because there the prejudgment interest rate was 3% higher than the post-judgment rate.  The court held that its final determination of damages including prejudgment interest constituted the final judgment to which post-judgment interest could attach. *Id.*  Again, circumstances here are quite different.

The February 2020 judgment was a final judgment on the merits.  It was appealable.  The parties tolled the appeals period while they engaged in post-trial briefing, but there is no reason post-judgment interest did not begin accruing at the entry of that final judgment.  The compensatory damages that were entered as part of the February judgment were untouched by the Court's November judgment, and, indeed, the Court of Appeals also left the amount of compensatory damages intact.  Defendant must pay post-judgment interest beginning on the date of the February 2020 judgment.

Plaintiff's motion will be granted.

4

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to enforce judgment as to post-judgment interest [Doc. 687] is GRANTED.

IT IS FURTHER ORDERED that BASF shall pay plaintiff post-judgment interest in the amount of $280,948.14 to satisfy its share of interest owed on half of the compensatory damages and costs paid on October 31, 2022.

IT IS FINALLY ORDERED that BASF shall pay plaintiff interest on the shortfall of BASF's October 31, 2022, payment at the rate of $11.24/day from November 1, 2022, until it is paid in full.

Dated this 8th day of December, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE
